IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FOREST GUARDIANS, a non-profit New
Mexico corporation,

    Plaintiff,

v.                                           No. CIV 01-0314 WJ/RLP-ACE

UNITED STATES FOREST SERVICE,

    Federal Defendant.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S PETITION FOR REVIEW OF AGENCY ACTION

THIS MATTER comes before the Court pursuant to Plaintiff's Petition for Review of Agency Action [Docket No. 16] and Complaint for Declaratory and Injunctive Relief [Docket No. 1]. Having reviewed the briefs of the parties and the applicable law, the Court determines that it lacks subject matter jurisdiction over this action.

**BACKGROUND**

The National Forest Management Act (NFMA), 16 U.S.C. § 1600 et seq., requires that all National Forest lands be managed pursuant to a Land and Resource Management Plan, also referred to as a Forest Plan. NFMA requires that all activities within a particular forest be consistent with the Forest Plan applicable to that forest. 16 U.S.C. § 1604(i).

In 1986, the United States Forest Service (USFS) Region 3 adopted a Forest Plan for the Gila National Forest in New Mexico. The Forest Plan identifies monitoring requirements designed to determine whether there is a need to change management direction. The plan

contains specific monitoring requirements for riparian areas within the Gila National Forest. Specifically, the Plan establishes an objective to complete classification and inventories of all riparian areas within the first decade of the Plan, to complete action plans to improve all unsatisfactory riparian areas within the first decade of the Plan, to improve all riparian areas to satisfactory or better condition by 2030, and to have twenty-five percent of riparian areas in satisfactory condition by 2000. The Plan specifically states that the projected rates of implementation are dependent on the annual budget process, and implementation schedules can be changed to reflect these budgets and amended accordingly after appropriate public notification.[1] In a December 1994 Five-Year Review of the Gila National Forest Plan, the USFS noted that funding had been limited, and inventories would not be completed by the end of the first decade.

Parties agree that the Forest Service has conducted some of the classifications and inventories of riparian areas in the Gila National Forest.[2] Parties also agree that not all of the inventories and classifications have been completed.

Plaintiff seeks to have this Court declare that the USFS has violated NFMA by failing to complete the riparian surveys as required by the Plan. Additionally, Plaintiff requests an injunction requiring the USFS to complete the surveys within some specified time period. Defendant argues that this Court lacks jurisdiction over this case because there has been no final agency action.

---

[1]It is important to note that Plaintiff does not ask this Court to issue an injunction requiring the USFS to amend the Gila Forest Plan to reflect the modified implementation schedule.

[2]Parties disagree regarding the actual percentage of classifications and inventories of riparian areas that have been completed. Plaintiff asserts that, as of February 14, 2000, only 28% had been completed. Defendant responds that more than 56% have been completed.

2

**DISCUSSION**

The NFMA does not authorize judicial review or create a private cause of action to enforce its provisions. Ecology Center, Inc. v. United States Forest Service, 192 F.3d 922, 924-25 (9th Cir. 1999). Thus, review of agency action or inaction in violation of NFMA must be reviewed under the Administrative Procedures Act (APA), 5 U.S.C. § 701 et seq. An agency action, to be reviewable, must be reviewable by statute or be a final agency action for which there is no other adequate court remedy. 5 U.S.C. § 704. Section 706(1) of the APA also provides that a court may compel agency action unlawfully withheld or unreasonably delayed.

Parties agree that the challenge in this case is not a challenge to any final agency action but is a claim brought to compel action pursuant to 5 U.S.C. § 706(1). Additionally, there is no dispute that the classifications and inventories of the riparian areas in the Gila National Forest are not themselves, standing alone, final agency actions that could be challenged pursuant to 5 U.S.C. § 706(2). Defendant asserts that the APA does not provide jurisdiction to review the failure to act in this case because review under 706(1) must be review of a failure to take action that would itself be final agency action if taken. Plaintiff counters that Section 706(1) is not limited to review of a failure to act that would, if taken, be reviewable as final agency action. Instead, Plaintiff urges that Section 706(1) permits judicial review of any inaction when the agency has a clear statutory duty to act and the failure to act amounts to an abdication of statutory responsibility.

The District of Columbia Circuit has expressly found that a claim under Section 706(1) of the APA, in addition to being proper to compel agency action when the withheld action would itself be reviewable under the APA, may be brought to compel actions not covered by the APA when an agency is under an unequivocal statutory duty to act. Sierra Club v. Thomas, 828 F.2d

783, 793 (D.C. Cir. 1987). The Tenth Circuit has not addressed whether Section 706(1) permits a court to compel action that will not itself be final agency action. The Tenth Circuit has compared the nature of an action under Section 706(1) to a request for mandamus relief. See Mt. Emmons Mining Co. v. Babbitt, 117 F.3d 1167 (10th Cir. 1997); Carpet, Linoleum and Resilient Tile Layers Local Union No. 419 v. Brown, 656 F.2d 564 (10th Cir. 1981). However, the fact that the Tenth Circuit has compared the nature of the relief sought and the necessary showing under Section 706(1) to the relief sought and the necessary showing in a request for mandamus does not lead to a necessary conclusion that the Tenth Circuit would recognize jurisdiction under Section 796(1) of the APA to compel action that would not itself be reviewable under the APA.

I do not believe that Congress intended Section 706(1) of the APA to permit a court to compel action other than action that would itself constitute final agency action. The clear language of 5 U.S.C. § 706 does not distinguish the type of agency action that can be compelled under Section 709(1) from the type of agency action that can be reviewed under Section 706(2). Section 706(1) states that a reviewing court shall "compel agency action . . ." while Section 706(2) states that a reviewing court shall "hold unlawful and set aside agency action . . .." Thus, based on the plain language of the statute, I believe that Congress intended a reviewing court to have power to compel only the type of action that the court would have the power to review. Because the riparian inventories and classifications, if completed, would not be final agency action subject to judicial review under the APA, this Court lacks jurisdiction to compel the completion of these inventories and classifications under Section 706(1) of the APA.

Even if this Court had jurisdiction under Section 706(1) to compel agency action that would not itself be final agency action subject to review, the Court would only have jurisdiction to

compel the USFS to do the riparian classifications and inventories within a specified time if there was an unequivocal statutory duty to do the classifications and inventories within the time parameters provided for in the Forest Plan. I do not read the NFMA and the Forest Plan for the Gila National Forest to impose a mandatory, nondiscretionary, ministerial duty on the USFS to complete the riparian inventories within the original time parameters set out in the Plan such that failure to complete the inventories within the specified time amounts to an abdication of a statutory duty. See Biodiversity Legal Foundation v. Babbitt, 146 F.3d 1249 (10th Cir. 1998). In fact, the Plan itself notes that the projected rates of implementation within the plan are dependent on the annual budget process, and implementation schedules can be changed to reflect these budgets.[3] Because Defendant does not have an unequivocal, nondiscretionary, ministerial duty to complete the riparian classifications and inventories within the time parameters set out in the Gila Forest Plan, this Court lacks jurisdiction to compel the action under Section 706(1) even if the Court would otherwise have jurisdiction to compel agency action that would not itself be final agency action.

**CONCLUSION**

      IT IS THEREFORE ORDERED that Plaintiff's Petition for Review of Agency Action [Docket No. 16] is hereby DENIED.

---

[3]Plaintiff acknowledges Defendant's legal option to amend the requirements set out in the Gila Forest Plan, but states that the Defendant has failed to take any action to amend the Plan. This Court does not pass on the issue whether Plaintiff could seek to compel Defendant to amend the Plan to reflect new implementation timelines because this is not the relief being sought by Plaintiff. The Court does note, however, that Defendant's alleged failure to amend the Plan, if such amendment is necessary, does not give rise to a right in Plaintiff to enforce nonministerial duties of Defendant set out in the Plan as it is currently written.

IT IS FURTHER ORDERED that Plaintiff's Complaint for Declaratory and Injunctive Relief [Docket No. 1] is DISMISSED WITH PREJUDICE based on this Court's lack of subject matter jurisdiction.

_____
UNITED STATES DISTRICT JUDGE